334 P.2d 758

**WEBER BASIN WATER CONSERVANCY DISTRICT, Plaintiff and Appellant,**

**v.**

**David BRAEGGER, John R. Larkin, et al., Defendants and Respondents.**

**No. 8835.**

Supreme Court of Utah.

Jan. 30, 1959.

---

Howell, Stine & Olmstead, Ogden, E. J. Skeen, Salt Lake City, for appellant.

George M. Mason, Brigham City, Robert B. Porter, Salt Lake City, Joseph C. Foley, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a judgment entered on a verdict in condemnation proceedings. Remanded with instructions. Costs to plaintiff.

The plaintiff water conservancy district urges error because of: 1) lack of competent evidence to support the jury's assessment of damages for the land taken ($43.519) and that not taken ($11,800), aggregating $55,319; 2) inadequacy of an instruction relating to severance damages; and 3) withdrawal from the jury of evidence relating to alleged benefits accruing to the severed land arising out of development of the project itself, as an off- set against severance damages. We will consider the errors urged in reverse.

As to 3): The evidence that plaintiff says should have been considered by the jury was elicited from a witness whose qualification as an expert appraiser on land values was not established, and the evidence itself was of such non-definitive nature as could lead to nothing but conjecture. We believe the court was not in error in taking this elusive evidence from the jury.

As to 2): The claim that the court's instruction as to severance damages was inadequate in its failure to include a proviso that defendants were disentitled to such damages unless there was evidence showing nonavailability of comparable land in the area, is answered by plaintiff's successful objection to the introduction of such evidence, placing plaintiff in no position to complain that the instruction was not given.

As to 1): Defendants' appraiser valued the land taken at $46,954 and that not taken at $10,100, aggregating $57,054, which topped all other competent appraisals. On cross-examination the witness conceded that $1,000 was allocated by him to drainage system damage, while in fact the evidence showed there was none, the witness admitting that such figure would have to be shaved off his appraisal in such event.

The witness appraised the land as though it had water rights. The parties had stipulated that such rights might be retained by defendants and would not be the subject of condemnation. Such rights were shown to be worth $2,726.31. This item of damage, therefore, was not in issue and the appraisal again should be revised downward to meet that figure. The witness modified his opinion as to acreage, by assigning 5 acres to pasture land (appraised at $100 per acre) that formerly he had listed as cultivated land (appraised at $500 per acre). Such change in his appraisal necessitates a further watering down of the damage by $2,000. It is obvious, therefore, that the top appraisal made by defendants' witness, which exceeded any other competent appraisal, that could be supported by the evidence, was $51,327.69, or $3,991.31 less than the amount found by the jury. This last amount, therefore, represents a figure the jury found that was not supported by any competent evidence.

The case is remanded for a new trial unless defendants, within 30 days after remittitur, remit $3,991.31 of the judgment, and accept a judgment for $51,327.38, as of November 26, 1957, in which latter event so accepting, judgment for said $51,327.38 is and will be affirmed.

CROCKETT, C. J., and WADE, WORTHEN and McDONOUGH, JJ., concur.